#### IN THE

## *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT,

#### IN NOVEMBER TERM, 1817.

———————:::: ⊕ ::::———————

### TRUMBULL *against* SMITH.

JUDGMENT being rendered against the defendant by default, before the superior court in *Litchfield* county, *August* term 1817, he moved the court that execution should issue against his goods and estate only, and not against his person. The facts were these. The defendant, upon his petition, duly preferred, in his own name, was adjudged, in *August* 1816, to be an insolvent debtor, within the statute, entitled " An Act to authorize the superior court to grant relief in certain cases of insolvency ;" (*October Session* 1815, *ch.* 14.) and such proceedings were thereupon had, in pursuance of the statute, that the defendant obtained from the commissioners a certificate, under their hands, of his conformity to the requirements of the statute. The debt for which the judgment in this case was rendered, was due at the date of the petition, to the plaintiff, from the defendant *in his individual capacity.* The plaintiff was described in the petition as a creditor of the firm of *Lucius Smith* & Co., consisting of *Lucius Smith* and the defendant, and as such was legally

Where *A.* an insolvent debtor, in his petition to the superior court for relief, under the statute (*October Sess.* 1815, *ch.* 14.) described *B.* as the creditor of a firm, consisting of *A.* and another, but not as the creditor of *A.* in his individual capacity, and *B.* was legally cited to appear ; it was held, that he was concluded by the certificate, with respect to a debt against *A.* in his individual capacity.

*Hartford,*
November,
1817.

*Trumbull*
*v.*
Smith.

served with a copy of the petition, and had notice of its pendency ; but he was not described as a creditor of the defendant in his individual capacity, though other persons were named as creditors of the defendant in his individual capacity, and were cited as parties to the petition. The court referred the question to the nine Judges for their advice.

*Bacon,* for the plaintiff, contended, that the plaintiff's rights regarding this debt were not affected by the certificate, because the plaintiff, *quoad* this debt, was not a party to the petition. Where the insolvent designates the persons to whom he is indebted, and the *capacity* in which he is indebted, he is to be confined to such specification. The plaintiff had no notice that the defendant sought to be relieved from this debt. As a creditor of *Lucius Smith* & Co. he might be willing that the relief prayed for should be granted, while he might be able to shew good reasons, if he had an opportunity, why the operation of law upon a debt against the defendant alone should not be suspended. The principle in question may be tested, by enquiring whether a general discharge given by the plaintiff in favour of *Lucius Smith* & Co. would discharge a debt against the defendant in his individual capacity. It clearly would not.

*Trumbull,* contra, insisted, that it was sufficient that the plaintiff was a creditor of the defendant, and that he was duly cited to appear. The statute does not require, that the *nature of the debt* should be described in the petition.

SWIFT, Ch. J. In this case, the plaintiff was a party to the petition for an act of insolvency ; he had legal notice thereof ; he had right to make defence against granting the same ; and on its being granted, he was entitled to claim and receive his dividend of the defendant's estate. He had all the privilege of a party, and ought now to be concluded by it. The execution, therefore, ought to issue only against the estate of the defendant.

In this opinion the other Judges severally concurred, except GOULD, J., who gave no opinion, having been of counsel in the cause.